# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**ELIEZER MANUEL TIRADO VELEZ, as surviving
 heir of ELIEZER TIRADO-ORTIZ**

    **Plaintiff,**

v.

**CITY OF PUEBLO, COLORADO, CITY OF COLORADO SPRINGS, COLORADO and SHERIFF BILL ELDER, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF COLORADO SPRINGS POLICE DEPARTMENT, POLICE LT. HOWARD BLACK, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF COLORADO SPRINGS POLICE DEPARTMENT, COLORADO SPRINGS POLICE DEPARTMENT, JOHN DOE 1, JOHN DOE 2, JOHN 3, JOHN 4, JOHN 5, AND JOHN 6.**

    **Defendants.**

---

## COMPLAINT AND JURY DEMAND
---

Plaintiff, Eliezer Manuel Tirado Velez, as surviving heir of Eliezer Tirado-Ortiz complains and alleges as follows:

### I.    JURISDICTION

1.    This complaint seeks damages from Defendants pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 and the Fourth Amendment to the United States Constitution, made applicable through the Fourteenth Amendment to the United States Constitution, for violation of Descendant Plaintiff Tirado's (hereinafter Tirado or Tirado's) civil rights. This court has jurisdiction over Plaintiff's claims under 28 U.S.C. 1331 and 28 U.S.C. 1343.

## II.   VENUE

2. The acts or omissions giving rise to Tirado's claims arose in El Paso County, Colorado. Thus, pursuant to 28 U.S.C. 1391(b), venue is proper in this court in and for the District of Colorado.

## III.   PARTIES

3. During all times mentioned in this complaint, Plaintiff Tirado was, and is, a United States citizen of Hispanic origin, residing in San German, Puerto Rico. Plaintiff is the son of Eliezer Tirado-Ortiz, deceased.

4. Defendant City of Colorado Springs (hereinafter the City) is a municipal corporation operating pursuant to the Constitution and laws of the State of Colorado, within the jurisdiction of the U.S. District Court of the District of Colorado. The City may be served with process through the City Clerk, 30 S Nevada Avenue, Colorado Springs, Colorado 80903. The Colorado Springs Police Department is a department of the City.

5. Defendant City of Pueblo (hereinafter the City of Pueblo) is a municipal corporation operating pursuant to the Constitution and laws of the State of Colorado, within the jurisdiction of the U.S. District Court of the District of Colorado. The City of Pueblo may be served with process through the City Clerk, 30 S Nevada Avenue, Colorado Springs, Colorado 80903. The 10th Judicial District Attorney's Office, Pueblo is a department of the City of Pueblo.

6. Defendant Sheriff Bill Elder (hereinafter Sheriff Elder) is an individual, residing in El Paso County, Colorado, within the jurisdiction of this court. The acts and omissions of Sheriff Elder complained of herein arise from Sheriff Elder's conduct and

actions while he was acting under color of state law, and pursuant to Sheriff Elder's employment and authority as a El Paso County Sheriff for the City of Colorado Springs. Sheriff Elder is being sued in both his individual capacity and in his capacity as an employee/sheriff for the City of Colorado Springs. Sheriff Elder may be served with process at the City of Colorado Springs Sheriff's Office, 27 East Vermijo Avenue, Colorado Springs, CO 80903 or at his principal place of residence.

7. Defendant LT. Howard Black (hereinafter Lt. Black) is an individual, residing in El Paso County, Colorado, within the jurisdiction of this court. The acts and omissions of Lt. Black complained of herein arise from Lt. Black's conduct and actions while he was acting under color of state law, and pursuant to Lt. Black's employment and authority as a police officer for the City of Colorado Springs. Lt. Black is being sued in both his individual capacity and in his capacity as an employee/police officer for the City of Colorado Springs. Lt. Black may be served with process at the City of Colorado Springs Police Department, 705 S Nevada Ave, Colorado Springs, CO 80903 or at his principal place of residence.

8. Defendants John Doe 1 through John Doe 6 (hereinafter John Does) are individual, residing in El Paso County, Colorado, within the jurisdiction of this court. The acts and omissions of John Does complained of herein arise from John Does' conduct and actions while they were acting under color of state law, and pursuant to John Does' employment and authority as a police officer for the City of Colorado Springs. John Does are being sued in both their individual capacity and in their capacity as an employees/police officers for the City of Colorado Springs. John Does may be served

with process at the City of Colorado Springs Police Department, 705 S Nevada Ave, Colorado Springs, CO 80903 or at their principal place of residence.

9. Each of the Defendants caused, and is legally responsible for, the incident, unlawful actions and conduct, injuries and death to Eliezer Tirado-Ortiz alleged herein by personally participating in the unlawful conduct or by authorizing or allowing such conduct explicitly or implicitly, or by policies, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take appropriate action to prevent the unlawful conduct, by failing to initiate and maintain adequate screening of prospective employee/police officers, and by failing to initiate and maintain adequate training and supervision, constituting deliberate indifference to Tirado-Ortiz's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failure to take remedial or disciplinary action.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or color of state law.

### IV.   FACTUAL ALLEGATIONS

Plaintiff incorporates by reference all foregoing allegations and further alleges as follows:

11. Tirado-Ortiz's was 40 year old male of Hispanic origin living in the City of Colorado Springs, El Paso County, Colorado and a born citizen of the United States.

12. On September 7, 2017, a disturbance was reported shortly before 11:00 a.m. at the Executive Towers, 2864 S Circle Drive.

13. Deputies from the Colorado Springs Police Department reported to the scene and detained Tirado-Ortiz on suspicion of possession of narcotics.

14. Prior to Tirado-Ortiz's death, deputies requested a nurse to meet him upon his arrival to the jail. He was escorted by deputies with a nurse by his side into a temporary holding cell when he refused to move on his own. According to police, once he got there, he was speaking rapidly about several things including heron and methamphetamines. While in the cell, Ortiz continued to act non-compliant.

15. The deputies stated that Tirado-Ortiz "…began banging his head against the window, was sweating heavily and was generally behaving in a hyper-active manner" after being placed in a patrol car.

16. The deputies placed Tirado-Ortiz in a jail in the Police Department. The deputies placed Tirado-Ortiz on his stomach, and additional deputies entered the cell. The deputies used "hand and knee strikes" as they tried to place a "spit sock" over Tirado-Ortiz's face and replace his clothing with a safety gown.

17. Ten and a half minutes after the deputies entered the cell with Tirado-Ortiz, they rolled him onto his side and left. Tirado-Ortiz then rolled back onto his stomach and became unresponsive.

18. Minutes later the deputies re-entered the cell with the jail nurses and ambulance personnel, but they couldn't revive Tirado-Ortiz, and he was pronounced dead.

19. According to pathologist at the Coroner's Office determined that his cause of death was "the result of heroin and methamphetamine intoxication associated with necessary physical restraint by law enforcement". His death was ruled a homicide, "based on the recommendation by the National Asociation of Medical Examiners concerning deaths associated with physical restraint by law enforcement".

20. The El Paso County Coroner's Autopsy, determined that Tirado-Ortiz's sustained serious bodily injury as he was physically restrained by six officers inside the jail cell.

21. The deputy stated that he was "banging his head against the window, was sweating heavily and was generally behaving in a hyper-active manner" the officers did not give Tirado-Ortiz the appropriate medical treatment, and instead forcibly restrained him between six officers.

22. At no time during this incident or subsequently have any of the Officers made a claim that Tirado-Ortiz acted violently toward them. No officer has ever made any known claim that he was in fear of suffering imminent bodily injury.

23. Colorado Springs Sheriff Bill Elder, is a police department's policymaker regarding employment screening, hiring, training, and disciplinary actions.

24. Upon information and belief, Colorado Springs Police Department and Sheriff's training of officers does not include proper training in responding to calls involving persons in crisis or with obvious mental health problems, including use of force policies and de-escalation strategies.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF:**

**42 U.S.C. 1983— PEACE OFFICERS LIABILITY**

Plaintiff incorporates by reference all preceding allegations herein and further alleges as follows:

25. Plaintiff bring this claim against Sheriff Bill Elder, both individually and in his official capacity, pursuant to 42 U.S.C. 1983, seeking economic and non-economic compensatory damages and punitive damages to the extent allowed by law.

26. The facts of this case show that the force used against Tirado-Ortiz was excessive and unreasonable in light of the circumstances facing Sheriff Elder at the time of the incident in question.

27. By acting as described above Sheriff Elder, while acting under color of state law violated Tirado-Ortiz's rights under the Fourth and Fourteenth Amendments of the United States Constitution and proximately caused Tirado-Ortiz's death.

28. Sheriff Elder allowed the deputies of his Police Department the use excessive force as described above herein was outrageous and shocking to the conscience, in violation of Tirado-Ortiz's substantive due process rights.

29. Plaintiff bring this claim against Police Lt. Howard Black, both individually and in his official capacity, pursuant to 42 U.S.C. 1983, seeking economic and non-economic compensatory damages and punitive damages to the extent allowed by law.

30. The facts of this case show that the force used against Lt. Black was excessive and unreasonable in light of the circumstances facing Lt. Black at the time of the incident in question.

31. By acting as described above Lt. Black, while acting under color of state law violated Tirado-Ortiz's rights under the Fourth and Fourteenth Amendments of the United States Constitution and proximately caused Tirado-Ortiz's death.

32. Lt. Black's use of excessive force as described above herein was outrageous and shocking to the conscience, in violation of Tirado-Ortiz's substantive due process rights.

33. Plaintiff brings this claim against Police Officer John Doe 1 through John Doe 6, both individually and in their official capacity, pursuant to 42 U.S.C. 1983,

seeking non-economic compensatory damages, punitive damages, and loss of companionship to the extent allowed by law.

34. The facts of this case show that the force used against John Doe 1 through John Doe 6 was excessive and unreasonable in light of the circumstances facing John Doe 1 through John Doe 6 at the time of the incident in question.

35. By acting as described above John Doe 1 through John Doe 6, while acting under color of state law violated Tirado-Ortiz's rights under the Fourth and Fourteenth Amendments of the United States Constitution and proximately caused Tirado-Ortiz's death.

36. John Doe 1 through John Doe 6's use of excessive force as described above herein was outrageous and shocking to the conscience, in violation of Tirado-Ortiz's substantive due process rights.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF:

### 42 U.S.C. 1983—Municipal liability (CITY)

Plaintiff hereby incorporates all preceding allegations and further alleges as follows:

37. The City of Colorado Springs is also liable to Tirado under 42 U.S.C. 1983 for failing to properly screen, train, and supervise its police officers pursuant to policies, procedure, practice, and custom followed by it, including failing to require adequate background checks and psychological evaluations for all job applicants and failing to provide adequate training in crisis intervention and de-escalation in situations involving persons with obvious mental issues. In ignoring the need for proper screening and training as alleged above, the City acted in manner constituting gross negligence

and/or deliberate and conscious indifference to people's (including Tirado-Ortiz's) constitutional rights to be free from unlawful seizure and objectively unreasonable and excessive force.

38. The City's failures as described above were a cause of Tirado-Ortiz's death resulting from the incident in question.

39. The City of Pueblo is also liable to Tirado under 42 U.S.C. 1983 for failing to investigate the reasons of Tirado-Ortiz's death and the officers' conduct with Eliezer Tirado. In ignoring the need for proper investigation as alleged above, the City of Pueblo acted in manner constituting gross negligence and/or deliberate and conscious indifference to people's (including Tirado-Ortiz's) constitutional rights to be free from unlawful seizure and objectively unreasonable and excessive force.

40. The City of Pueblo's failures as described above were a cause of Tirado-Ortiz's right to a fair and thoughtful investigation of his homicide.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. Non-economic compensatory damages against each defendant, jointly and severally, in an amount to be proven at trial;

2. Punitive and exemplary damages as allowed by law.

3. Loss of companionship for son Eliezer Manuel Tirado Velez.

4. Costs of suit.

5. Pre- and post-judgment interest as permitted by law.

6. Such other relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands trial to a jury of six (6) persons on all issues joined herein.

Dated this 28th day of August 2018.

                                              s/ Edward Lomena, Esq.
                                              ***Edward Lomena, Esq. #45899***
                                              McDivitt Law Firm
                                              19 E. Cimarron Street
                                              Colorado Springs, CO 80903
                                              Telephone: (719) 471-3700
                                              E-mail: litigation@mcdivittlaw.com
                                              Attorney for Plaintiff