IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02449–KMT

ELIEZER MANUEL TIRADO VELEZ, as surviving heir of ELIEZER TIRADO-ORTIZ,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
SHERIFF BILL ELDER, individually and in his official capacity as an officer of Colorado Springs Police Department,
POLICE LT. HOWARD BLACK, individually, and in his official capacity as an officer of Colorado Springs Police Department,
COLORADO SPRINGS POLICE DEPARTMENT,
JOHN DOE 1,
JOHN DOE 2,
JOHN 3,
JOHN 4,
JOHN 5, and
JOHN 6,

    Defendants.

---

## ORDER

---

This matter is before the court on (1) the "City Defendants' Motion to Dismiss Complaint and Jury Demand" (Doc. No. 12 [City Mot.], filed October 1, 2019), filed by Defendants the City of Colorado Springs, Colorado Springs Police Department, and Howard Black (collectively "City Defendants"); and (2) "Defendants Sheriff Bill Elder's and El Paso County's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6)" (Doc. No. 13 [County Mot.], filed October 1, 2019).  Plaintiff filed a combined response to the motions (Doc. No. 15

[Resp.], filed October 15, 2019), and the defendants filed replies (Doc. No. 19 [County Reply], filed October 29, 2019; Doc. No. 20 [City Reply], filed October 29, 2019).

## STATEMENT OF THE CASE

Plaintiff Manuel Tirado Velez, the surviving heir of Eliezer Tirado-Ortiz, filed his Complaint on August 28, 2019, asserting claims against the defendants pursuant to 42 U.S.C. § 1983.  (*See generally,* Doc. No. 1 [Compl.].)  Plaintiff states he is the son of Eliezer Tirado-Ortiz, who died on September 7, 2017, after being detained for suspicion of possession of narcotics by the deputies from the Colorado Springs Police Department.  (*Id.*, ¶¶ 3, 12-13, 18.)  Plaintiff alleges Mr. Tirado-Ortiz was non-compliant on the way to the police department and "began banging his head against the window, was sweating heavily and was generally behaving in a hyper-active manner."  (*Id.*, ¶¶ 14-15.)  Plaintiff alleges the deputies placed Mr. Tirado-Ortiz in a jail, where deputies placed him on his stomach and used hand and knee strikes as they tried to place a "spit sock" over his face and replace his clothing with a safety gown.  (*Id.*, ¶ 16.)  Ten and a half minutes later, the deputies rolled Mr. Tirado-Ortiz onto his side and left the cell; Mr. Tirado-Ortiz then rolled back onto his stomach and became unresponsive.  (*Id.*, ¶ 17.)  Minutes later, the deputies re-entered the cell with jail nurses and ambulance personnel, but they could not revive Mr. Tirado-Ortiz, and he was pronounced dead.  (*Id.*, ¶ 18.)  The Coroner later determined the cause of Mr. Tirado-Ortiz's death was "the result of heroin and methamphetamine intoxication associated with necessary physical restraint by law enforcement."  (*Id.*, ¶ 19.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). "[I]t has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Shaw v. AAA Engineering & Drafting Inc.*, 138 Fed. Appx. 62, 67 (10th Cir. 2005) (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See William Penn Realty, LLC v. Auto-Owners Ins. Co.,* No. 16–CV–01489–KLM, 2016 WL 10919521, at *1 (D. Colo. July 8, 2016).

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

The defendants assert Plaintiff lacks standing to sue.  (*See* City Mot. at 4-6; County Mot. at 3-7.)

Pursuant to Colo. Rev. Stat. § 13–20–101, Colorado's survival statute, "[a]ll causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person . . . ."  Such actions are brought for the benefit of the decedent's estate. *Espinoza v. O'Dell*, 633 P.2d 455, 462–3 (Colo. 1981).  Plaintiff's constitutional claims are brought pursuant to Colorado's survival statute. *See Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506–07 (10th Cir. 1990) (remedy in § 1983 death cases is a survival action, brought by the estate of the deceased victim); *Teufel v. United States*, 5 F.3d 547, 1993 WL 345530, at * 2 (10th Cir.1993) (Table); *Wilson ex rel. Wilson v. City of Lafayette*, No. 07–cv–01844–PAB–KLM, 2010 WL 1380253, at *3 (10th Cir. March 31, 2010).  As such, under Colorado law, these claims can be brought only by the personal representative of the estate of the

deceased, *i.e.*, by the personal representative of the estate of Mr. Tirado-Ortiz. *Berry*, 900 F.2d at 1506–07; *Teufel*, 1993 WL 345530, at * 2; *Reighley v. Int'l Playtex, Inc.*, 604 F. Supp. 1078, 1080 (D. Colo. 1985) (survival claims for outrageous conduct and negligent infliction of emotional distress may only be brought by personal representative). Children or heirs of the deceased do not have standing to bring survival actions. *Reighley*,604 F. Supp at 1080. Plaintiff is not the personal representative of Mr. Tirado-Ortiz's estate.

Plaintiff does not respond to this argument. Rather, Plaintiff requests that the court remand the case to the appropriate State of Colorado District Court so that Plaintiff can add a claim of wrongful death.[1] (Resp. at 2.) However, a case originally filed in federal court cannot be remanded to state court. *See Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015) ("[A] district court has no power to remand a non-removed case to state court.");14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed.) ("Moreover, federal courts cannot remand an action that was originally filed in federal court."); *see also* 28 U.S.C. § 1447(discussing remand as a possible "[p]rocedure after removal" (emphasis supplied)).

Accordingly, Plaintiff's claims for violations of Mr. Tirado-Ortiz's constitutional rights are dismissed for lack of standing.

---

[1] Plaintiff also requests that the court 1) grant him leave to amend his complaint so that he can allege various state law claims for relief against the County Defendants; (2) order a stay in this matter and order the 10th Judicial District of Pueblo, Colorado to turn over the investigation file on this case to the Plaintiff; (3) allow Plaintiff to interject a claim for respondeat superior against Sheriff Elder and his sureties based on some alleged wrong doing of six unnamed deputies; and (4) to cure the defective summons by serving a new summons and an amended complaint upon the remaining parties. (*See* Resp.) However, given this Court's lack of subject matter jurisdiction, Plaintiff's Complaint must be dismissed in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (citation omitted). Thus, the court need not address these arguments.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the "City Defendants' Motion to Dismiss Complaint and Jury Demand" (Doc. No. 12) and "Defendants Sheriff Bill Elder's and El Paso County's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6)" (Doc. No. 13) are **GRANTED**. This case is dismissed without prejudice for lack of subject matter jurisdiction. It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case. It is further

**ORDERED** that the defendants are awarded their costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. It is further

**ORDERED** that this case is **CLOSED**.

Dated this 31st day of August, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge